## J. H. Hedley, Appellee, v. Michigan Central Railroad Company, Appellant.

### Gen. No. 41,570.

Opinion filed April 23, 1941.

SIDNEY C. MURRAY, of Chicago, for appellant; FREDERICK W. FLOTT and JOHN B. KNEIPPLE, both of Chicago, of counsel.

J. KENDALL S. MITCHELL, of Chicago, for appellee; CHARLES S. HARVEY, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Defendant Michigan Central Railroad Company brings this appeal from a judgment entered on the verdict of a jury in favor of plaintiff, J. H. Hedley and against defendant for $1,500. The suit was instituted to recover the alleged value of certain property contained in a handbag belonging to plaintiff which was lost while in the custody of a porter or "red cap."

From the facts it appears that on January 26, 1939, plaintiff purchased a ticket from Chicago to Detroit

via lines of the defendant railroad company; that he also made a reservation for space on a Pullman car on defendant's train, scheduled to leave Chicago at approximately midnight on the same day; that a short time before his departure Hedley gave his baggage, consisting of a Gladstone bag and a typewriter, to a "red cap," who took it to the platform and returned to the waiting room for more baggage; that the Gladstone bag was stolen when the "red cap" returned for more baggage, and its contents were never recovered.

It further appears that Hedley thereafter filed a claim with the carrier which is set out in detail, listing the items claimed to have been lost; that the total amount claimed to have been lost was $283.95, which included $153 in cash.

During the trial, defendant admitted the loss of additional items, namely, stamps valued at $3.50 and a fraternity pin valued at $15. These amounts added to the original claim would make a total amount of $302.45. Of this amount defendant is contesting only the recovery of the $153 in currency and the manuscript hereinafter mentioned.

It appears that the only items in controversy are the money, namely, $153 and a certain unfinished manuscript, and as to the manuscript, at the time of filing claim plaintiff claimed no particular sum for that.

It further appears that when the Gladstone bag was stolen it contained plaintiff's wearing apparel, the money and the manuscript; that plaintiff made out a written claim on forms furnished by the defendant company setting forth the loss of the money and at that time he valued the manuscript at $75; that he was taking the money to Detroit as he stated he intended to pay two insurance premiums.

During the trial, however, plaintiff testified that the money herein referred to was to be used to pay his traveling and personal expenses, hotel bills, etc., until

he received his next expense check; that "I do not think I was to use it for any other purpose, other than just the ordinary run of expense."

Plaintiff further testified that it was practically impossible to place a value on the manuscript which he alleges he lost, but later placed a value of $2,500 for manuscript and diaries.

At the hearing the defendant introduced, without objection, the tariff of the transportation company filed with the Interstate Commerce Commission of Washington, D. C., and certified under the hand of the Secretary of Interstate Commerce Commission, which reads as follows:

"Title page 1:

" 'Baggage Rules, Regulations, Rates and Charges applying in connection with the Transportation of Baggage and other Articles and Property as Classified herein; also Corpses.'

"Page 8—Application of Tariff.

" 'The rules, regulations, rates and charges contained herein apply in the checking, storage and transportation of baggage, other articles, property and corpses in connection with valid transportation between stations on the lines of the issuing and initial participating carriers shown herein.'

"Page 25—Rule 9.

" 'Baggage or Property Prohibited because of Weight, Size, Value or Character.

" ' (a) The acceptance of property described below, or not authorized in this tariff, is expressly prohibited in baggage service under any circumstances whatever (except as provided in Rule 6 covering transportation of Public Entertainment Paraphernalia). If such property is delivered to the carrier contrary to the terms of this rule, the carrier will not be responsible for loss, damage or injury to such property; but such property shall be entirely at the risk of the passenger or owner. . . .

" 'Money. . . .

" 'Papers of Value (Negotiable Papers, such as Stocks, Bonds and similar valuables).' "

At the time of the trial the court instructed the jury as to said tariff schedule, as follows:

"The Court instructs the jury that the parties herein are expressly bound by the provisions and conditions of the defendant's tariff covering the transportation of baggage." This tariff limits the recovery to the actual value of baggage for personal use on the trip. If the jury had followed the instructions of the court its verdict would have been in harmony therewith. On the contrary, the jury returned a verdict for $1,500, which clearly shows that they did not follow the instructions of the court and did not properly consider the evidence.

When the defendant made a motion for a new trial, in view of the verdict of the jury which is not supported by the evidence or in compliance with the instructions given by the court to the jury, a new trial should have been granted. The judgment which the court entered was not based upon any theory upon which the cause was tried. The trial court committed error in refusing to grant the motion made for a new trial.

For the reasons herein given the judgment of the municipal court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL, P. J., and BURKE, J., concur.